UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

———

Sheena Cousins,
Plaintiff,

v.

Smith Valley Foods, LLC,
Defendant.

———

COMPLAINT

(Employment Discrimination, Hostile Work Environment, and Retaliation – Title VII)

Plaintiff Sheena Cousins, proceeding pro se, alleges as follows:

———

I. JURISDICTION AND VENUE

1.    This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in this District and Defendant conducts business here.

———

II. PARTIES

4.    Plaintiff Sheena Cousins is a resident of New York and was formerly employed by Defendant.

5.    Defendant Smith Valley Foods, LLC is an employer within the meaning of Title VII and employed fifteen (15) or more employees at all relevant times.

———

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 520-2024-04942, alleging sexual harassment, retaliation, and wrongful termination.

7.    On December 3, 2025, the EEOC issued Plaintiff a Notice of Right to Sue.

8.    This action is filed within ninety (90) days of Plaintiff's receipt of that Notice. A copy is attached as Exhibit A.

_____

IV. FACTUAL ALLEGATIONS

A. Employment Background and Supervisor Status

9.    Plaintiff was hired by Defendant on or about May 6, 2023, as an Administrative Assistant.

10.    Plaintiff's duties included preparing invoices, managing emails, coordinating workflow, and communicating with warehouse employees.

11.    In or about October 2023, Defendant elevated Plaintiff's role, referred to her as a Supervisor, and assigned her authority over warehouse employees, including directing work and reporting misconduct.

12.    Defendant's principal, Hayder N. Sammarraie ("Sam"), repeatedly referred to Plaintiff as a supervisor and acknowledged her supervisory role in recorded conversations.

Plaintiff regularly worked on-site in close proximity to warehouse operations and was responsible for coordinating administrative, logistical, and operational tasks integral to Defendant's daily business activities.

_____

B. Sexual Harassment / Hostile Work Environment

13.    During her employment, Plaintiff was subjected to repeated and unwelcome sexual harassment by warehouse employees Jergens Pena and Chris (last name unknown).

14.    Beginning in or about August 2023, Jergens Pena made explicit sexual remarks to Plaintiff, including telling her to "suck [his] dick."

15.    On at least one occasion, Jergens Pena intentionally brushed or pressed his face against Plaintiff's buttocks while she was ascending workplace stairs.

16.    Chris repeatedly told Plaintiff to "suck [his] penis," used derogatory slurs toward her, and openly made these statements in front of other employees.

17. The conduct was unwelcome, severe and/or pervasive, and created a hostile work environment based on Plaintiff's sex.

———

C. Employer Knowledge and Failure to Remedy

18. Plaintiff repeatedly reported the sexual harassment to Defendant's principal Sam, who exercised managerial authority.

19. Instead of taking prompt corrective action, Defendant dismissed Plaintiff's complaints, minimized the misconduct, and labeled Plaintiff a "serial complainer."

20. Defendant failed to discipline the harassers and allowed the conduct to continue.

———

D. Retaliation and Threats Involving the Harasser

21. After Plaintiff complained of sexual harassment, Defendant subjected her to retaliation.

22. Retaliatory actions included heightened scrutiny, removal of supervisory duties, and reassignment to warehouse-related tasks.

23. In recorded conversations, Defendant's principal threatened to bring Jergens Pena back to work if Plaintiff did not comply with reassigned duties, despite knowing Pena was the primary sexual harasser.

24. Defendant's threats to reinstate the harasser were intended to intimidate Plaintiff and discourage further complaints.

———

E. Medical Emergency, Communications, and Termination

25. In January 2024, Plaintiff experienced a medical emergency and notified Defendant that she was unable to work.

26. Plaintiff provided medical documentation excusing her absence and repeatedly attempted to communicate with management and human resources.

27. On January 3, 2024, Plaintiff placed multiple outgoing calls to Defendant's management, as reflected in her call logs.

28. Plaintiff also sent text messages notifying management and human resources of her medical condition and transmitted medical documentation.

29. Defendant provided Plaintiff with an incorrect human resources contact number, causing Plaintiff's messages and documentation to go undelivered.

30.    Despite Plaintiff's repeated communications and documentation, Defendant falsely characterized her absence as "No Call – No Show."

31.    On or about January 10, 2024, Defendant terminated Plaintiff's employment for alleged job abandonment.

32.    Defendant's stated reason for termination was false, contradicted by documentary and audio evidence, and pretextual.

33.    Plaintiff was terminated because she complained of sexual harassment and retaliation.

_____

V. CLAIMS FOR RELIEF

COUNT I

Sexual Harassment / Hostile Work Environment (Title VII)

34.    Defendant subjected Plaintiff to unwelcome sexual harassment based on sex.

35.    The harassment was severe and/or pervasive and altered the terms and conditions of Plaintiff's employment, in violation of Title VII.

_____

COUNT II

Retaliation (Title VII)

36.    Plaintiff engaged in protected activity by opposing unlawful sexual harassment.

37.    Defendant retaliated against Plaintiff by subjecting her to adverse employment actions, including demotion, threats involving her harasser, and termination.

Defendant has asserted that Plaintiff abandoned her position; however, Plaintiff repeatedly notified Defendant of her medical absence, attempted to communicate with management and human resources, and was terminated based on a false and pretextual "no call–no show" rationale.

_____

VI. DAMAGES

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial economic and non-economic damages.

39. Plaintiff has sustained loss of wages and employment benefits, damage to her professional reputation, and loss of career advancement opportunities.

40. Plaintiff has also suffered severe emotional distress, psychological trauma, and exacerbation of preexisting medical conditions as a direct result of the sexual harassment, hostile work environment, retaliation, and termination she experienced while employed by Defendant.

41. Plaintiff has been diagnosed by a licensed mental health professional with Chronic Post-Traumatic Stress Disorder (PTSD), which is causally related to Defendant's unlawful conduct.

42. Plaintiff's condition has required ongoing mental health treatment and has impaired her ability to work consistently, disrupted her sleep, concentration, and social functioning, and caused significant emotional and physical suffering.

43. Defendant's conduct was willful, reckless, and demonstrated a conscious disregard for Plaintiff's federally protected rights.

44. Plaintiff seeks:
 a. Back pay and front pay;
 b. Compensatory damages for emotional distress and suffering;
 c. Punitive damages;
 d. Costs and attorney's fees pursuant to 42 U.S.C. § 2000e-5(k);
 e. Such other relief as the Court deems just and proper.

———

VII. JURY DEMAND
 45. Plaintiff demands a trial by jury on all issues so triable.

———

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant all appropriate relief.

_____

Respectfully submitted,

Sheena Cousins
Plaintiff, Pro Se
1904 Loring Place S
Bronx, NY 10453
(718)710-0061
cousinsheena@gmail.com