UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEENA COUSINS,

Plaintiff,

-against-

SMITH VALLEY FOODS, LLC,

Defendant.

26-CV-1610 (VSB)

**ORDER OF SERVICE**

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York City Human Rights

Law, N.Y.C. Admin. Code §§ 8-101 to 131, and the New York State Human Rights Law, N.Y.

Exec. Law §§ 290 to 297, alleging that her employer discriminated against her based on her sex.

By order dated March 20, 2026, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90

days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Smith Valley Foods, LLC, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

3

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[1]

SO ORDERED.

Dated:       March 27, 2026
             New York, New York

Vernon S. Broderick
United States District Judge

---

[1] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR DEFENDANT**

Smith Valley Foods, LLC
528 Bryant Avenue
Bronx, N.Y. 10474